**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANNY A. ROBERSON,

       *Plaintiff,*

    *v.*

WYNKOOP,

      *Defendant.*

_____/

CASE NO. 2:19-cv-10285

DISTRICT JUDGE MARK A. GOLDSMITH

MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 21)

**I.**    **RECOMMENDATION**

For the reasons set forth below in this amended Report and Recommendation, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 21), be **DENIED** in part and **GRANTED** in part.

**II.**    **REPORT**

    **A. Introduction**

On January 29, 2019, Plaintiff Danny A. Roberson, who appears before the Court *pro se*, filed this complaint against Darrell Wynkoop, a Michigan State Police Trooper, alleging a violation of the Fourth Amendment. (ECF No. 1, PageID.2.) Plaintiff alleged that he was entitled to a probable cause hearing within 48 hours of his arrest, and Defendant's failure to bring Plaintiff before a judicial officer for a probable cause hearing was a violation of his Fourth Amendment rights. (*Id.*) Defendant filed an answer to

Plaintiff's complaint on July 15, 2019. (ECF No. 11.) Plaintiff filed a reply to Defendant's answer on August 19, 2019. (ECF No. 14.) All pretrial matters in this case were reassigned to the undersigned Magistrate Judge on January 3, 2020. (ECF No. 18.) On May 18, 2020, Plaintiff filed the present Motion for Leave to File an Amended Complaint. (ECF No. 21.) Defendant filed a response to Plaintiff's Motion on June 18, 2020, (ECF No. 23), as well as a Motion for Summary Judgment on June 15, 2020. (ECF No. 22.) Below, I summarize the allegations set forth in the instant Motion, as well as allegations in the original complaint insofar as they correspond to the relief sought at this juncture.

The undersigned entered a Report & Recommendation on Plaintiff's Motion on August 13, 2020. (ECF No. 34.) However, this amended Report & Recommendation is now offered in place of the original Report to correct a conclusion relying on *Heck v. Humphrey*.

### B.  Factual Background

In his original complaint, Plaintiff alleges that on October 4, 2016, Michigan State Police Trooper Wynkoop was dispatched to Plaintiff's home regarding a domestic violence allegation. (ECF No. 1, PageID.2.) "Defendant Wynkoop and his partner[,]" who Plaintiff identifies as "Inman," approached Plaintiff's house; Plaintiff alleges that he shut the door on the officers, but his girlfriend of 12 years, Christell Lee, made contact with the officers and informed them that Plaintiff hid a firearm under the seat cushion of the couch when he saw the officers approaching. (*Id*. at PageID.3.) Lee told Defendant that Plaintiff was a felon and "had just finished cutting up drugs and packaging them prior to their arrival." (*Id*.) Defendant observed a digital scale lying in plain view where he was speaking to

Plaintiff and Lee. (*Id*.) Regarding the domestic violence call, Lee stated that she had not been assaulted by Plaintiff. (*Id*.) Plaintiff admitted that he had a firearm in the house and stated that the digital scale and a plastic bag were used to measure protein and to store sandwiches. (*Id*.) Plaintiff was handcuffed, read his Miranda rights, and placed in the back of Defendant's vehicle. (*Id*.)

On October 7, 2016, Plaintiff was arraigned, and claims that "at no time was [there] a judicial determination of probable cause before or after the arraignment." (*Id*. at PageID.4.) Plaintiff claims that because Defendant "never took this Plaintiff before a judicial officer for a probable cause determination hearing following Plaintiff's arrest[,]" Defendant violated Plaintiff's Fourth Amendment rights. (*Id*.)

In his proposed amended complaint, Plaintiff provides some additional factual background information, and wishes to add several new defendants and claims to his complaint. (ECF No. 21.) Although it is not clear from Plaintiff's provided facts, at some point during the search of Plaintiff's house, several other officers arrived, who Plaintiff now wishes to name as defendants: these include Officers Daniel Inman, Patrick Miller, Clint Korpalski, David Murchie, R. Osborne, and P. Lesinski. (*Id*. at PageID.79-80.) When the officers received a search warrant for Plaintiff's house, inside the washing machine they found a glove containing a plastic bag with a "chunky, white substance" which was later confirmed to be crack cocaine. (*Id*. at PageID.81, 83.) Elsewhere in the house, they discovered several rifles and ammunition. (*Id*.)

Plaintiff also includes facts relating to his representation by his criminal defense attorney, James P. Gust. Plaintiff alleges that Gust, who first met with Plaintiff on October

7, 2016, assured Plaintiff he would not be going to jail, was "disinterested" in Plaintiff's case, and failed to interview Plaintiff's proposed defendants or investigate Plaintiff's case, among other allegations. (*Id.* at PageID.85-86.)

Plaintiff seeks leave to add the following as defendants in this case: the Michigan State Police Department, Lee, Gust, Inman, Miller, Korpalski, Murchie, Osborne, and Lesinski. Based on these new allegations and in conjunction with his new proposed defendants, Plaintiff proposes several new claims. In addition to his original claim, Plaintiff seeks leave to add the following claims: (1) proposed defendant Lee violated Plaintiff's Fourth and Fourteenth Amendment rights by "initiating the false and fraudulent felony complaint against the plaintiff[;]"  (2) proposed defendants Inman, Miller, Korpalski, Murchie, Osborne, and Lesinski, and Defendant Wynkoop violated Plaintiff's Fourth and Fourteenth Amendment rights when they searched his person and his residence, and subsequently seized items found in his residence, without a search warrant and without probable cause; (3) the acts and omissions of proposed defendant Gust violated Plaintiff's Sixth Amendment right by failing to provide "competent professional representation[;]" (4) proposed defendant Gust violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by covering up the acts and omissions of the other proposed defendants upon realizing there was not search warrant for his residence on October 4, 2016. (*Id.* at PageID.88-91.) Plaintiff also seeks to add the Michigan State Police Department as a defendant. (*Id.* at PageID.73.)

In his Motion, Plaintiff asserts that upon filing his original complaint, he did not "realiz[e] that there were other parties involved in the matter[.]" (*Id.* at PageID.68.)

Plaintiff further notes that he "submits the foregoing motion for leave to file an amended complaint to reflect that accuracy [sic] and [definite] events which occurred in light of the newly discovered evidence as well as parties[.]" (*Id*. at PageID.69.)

### C. Applicable Law: Motion for Leave to Amend Complaint

Plaintiff seeks leave to amend his original complaint to include several additional defendants and additional claims against those new defendants. Plaintiff's Motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. It provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020). Under this Rule, generally, a party may amend its pleading once as a matter of course, but in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court. *Commerce Benefits Group, Inc. v. McKesson Corp*., 326 Fed. App'x 369, 376 (6th Cir. 2009). "Once the scheduling order's deadline to amend the complaint passes," *id*., however, "a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend and the district court must evaluate prejudice to the

nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Id.* (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (internal quotation marks omitted)).

A court has discretion in allowing amendments. *Berry*, 2020 WL 3485577, at *4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973)). In its discretion to allow an amendment, a court considers factors such as undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, futility of an amended pleading and undue prejudice to the opposing party. *Berry*, 2020 WL 3485577, at *4 (citing *Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006)). "Pro se litigants, while granted some leeway, must follow the same rules of procedure that govern other litigants." *Berry*, 2020 WL 3485577, at *4.

Plaintiff's original complaint was filed on January 29, 2019; his Motion was filed on May 18, 2020, 475 days, or approximately one year and four months, from the original complaint. Defendant's answer to the original complaint was filed on July 15, 2019; again, Plaintiff's Motion was filed 308 days from Defendant's response. Plaintiff was not entitled to file an amended complaint as a matter of right under Rule 15(a)(1). Plaintiff's Motion was not filed within 21 days of service of the original complaint, or within 21 days of service of Defendant's answer, such that the amendment would be considered "a matter of course." (Fed. R. Civ. P. 15(a)(1)). "Therefore, to be entitled to amend [his] complaint at this point, Plaintiff must meet the requirements of both Rule 16(b) and Rule 15(a)(2) of the Federal Rules of Civil Procedure." *Berry*, 2020 WL 3485577, at *4.

While it is true that Rule 15(a)(2) instructs a court to "freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), a motion for leave to amend a complaint may nevertheless be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Berry*, 2020 WL 3485577, at \*5 (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotation marks omitted)). However, "it must initially be noted that delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985) (internal quotation omitted); *see Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).

### D. Plaintiff's Proposed Defendants Lee, Gust, the Michigan State Police Department, and Related Claims

One of the individuals that Plaintiff wishes to add as a defendant is Christell Lee, who was his girlfriend at the time of his arrest. Plaintiff also wishes to include a claim that:

> [t]he acts and omissions of Defendant Lee as described [] above [] constitutes a deprivation of the plaintiff's rights under the Fourth and Fourteenth Amendments, when she engaged in conduct which deprived the plaintiff of his right to be free from illegal search and seizure and his right to due process by initiating the false and fraudulent felony complaint against simply because she was angry with the plaintiff.

(ECF No. 21, PageID.89.) Plaintiff wishes to further include his former attorney, Gust, as a defendant, as well as the following claim regarding Gust:

> [t]he acts and omissions as described [] above, constitutes a deprivation of the plaintiff's Sixth Amendment, when he failed to ensure that the plaintiff

received a speedy and public trial. Instead, only compelling the plaintiff to enter into a guilty plea; he failed to obtain witnesses in plaintiff's favor; and he provided subpar representation, which fell far below the legal standard of competent professional representation; and he was ineffective at every phase of the plaintiff's criminal prosecution.

(ECF No. 21, PageID.90.) Plaintiff brings his original claim, as well as these new proposed claims and parties, under 42 U.S.C. § 1983—which he specifies even in his proposed amended complaint. (ECF No. 21, PageID.72.) "To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law." *Johnson v. Levi*, No. 2:20-CV-10885, 2020 WL 2494894, at * 2 (E.D. Mich. May 14, 2020) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

It is true that "there are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). This narrow circumstance arises when a private person is engaged with state officials and is acting under the color of law: "[t]o act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Id*. (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (internal quotation marks omitted). A private individual may be considered acting as a state actor if "(1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is

otherwise chargeable to the State.'" *Id.* at 591 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff seeks to include Lee as a defendant in this matter. Lee is a private individual and there is no evidence provided to suggest that she is or was a state actor or was "a willful participant in joint activity with the State or its agents." *Id.* at 590. Plaintiff complains that Lee violated his Fourth Amendment rights by calling the police with a domestic violence complaint and "engaged in conduct which deprived the plaintiff of his right to be free from illegal search and seizure." (ECF No. 21, PageID.89.) Absent any evidence that Lee is a state actor, the proposed addition of Lee as a defendant and the proposed claims against Lee must be denied for futility.

Regarding proposed defendant Gust, "[i]t is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act under color of state law and are not state actors subject to suit under § 1983." *Johnson*, 2020 WL 2494894, at *2 (citing *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.")). Plaintiff's proposed addition of Gust as a defendant and the proposed claims relating to Gust must also be denied for futility.

Finally, Plaintiff also seeks to include the Michigan State Police Department as a defendant. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment

immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity by statute, nor did it do so under § 1983, *see Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and the State of Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). "The Michigan State Police is an agency of the state of Michigan, protected by sovereign immunity." *Perez v. Michigan State Police Dep't*, No. 19-cv-666, 2019 WL 4184063, at *2 (W.D. Mich. Sept. 4, 2019) (citing *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept.28, 1999); *Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding the Michigan State Police is an arm of the State of Michigan entitled to Eleventh Amendment immunity)). Plaintiff does not specify a new claim proposed against the Michigan State Police Department, but insofar as he seeks to include the department as a defendant, I recommend that the proposal be denied for futility.

### E. Amended Analysis of Plaintiff's Proposed Defendants Inman, Miller, Korpalski, Murchie, Osborne, and Lesinkski and related claims

Plaintiff wishes to add proposed defendants Inman, Miller, Korpalski, Murchie, Osborne, and Lesinski, and an additional claim against those individuals to this action.

I originally suggested that these additions would be futile, as Defendant noted, by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the U.S. Supreme Court held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove
that the conviction or sentence has been reversed on direct appeal, expunged
by executive order, declared invalid by a state tribunal authorized to make
such determination, or called into question by a federal court's issuance of a
writ of habeas corpus.

*Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply

the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487.

However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity

of any outstanding criminal judgment against the plaintiff, the action should be allowed to

proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). Moreover,

the Supreme Court instructed that even if the plaintiff challenges something
other than his conviction or sentence, where a ruling in his favor would
"necessarily imply the invalidity of his conviction or sentence," the
favorable-termination requirement applies: [W]hen a state prisoner seeks
damages in a § 1983 suit, the district court must consider whether a judgment
in favor of the plaintiff would necessarily imply the invalidity of his
conviction or sentence; if it would the complaint must be dismissed unless
the plaintiff can demonstrate that the conviction or sentence has already been
invalidated.

*Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 600 (6th Cir.

2007) (citing *Heck*, 512 U.S. at 487 (internal quotation marks omitted)). The favorable

termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is

no longer incarcerated." *Id.* at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.

1995). In addition, challenges based on procedural defects rather than erroneous results are

also subject to the limitation announced in *Heck. Edwards v. Balisok*, 520 U.S. 641, 648,

(1997) (if established, procedural defect would imply the invalidity of the deprivation of

good-time credits and thus, was *Heck*-barred).

However, in *Cox v. City of Jackson, Tennessee*, the Sixth Circuit specifies that "the plaintiffs' § 1983 claims seeking damages for their post-arrest detention without a proper determination of probable cause are not barred under *Heck*." 811 Fed. App'x 284, 291 (6th Cir. 2020). Where a plaintiff did not receive a probable hearing after an arrest, the Sixth circuit held that a plaintiff's success on that claim would not necessarily imply the invalidity of his or her conviction. *Id*. This type of claim "alleges that the plaintiff was not afforded a prompt judicial determination of probable cause following a warrantless arrest as required by the Fourth Amendment. Such a § 1983 claim seeks damages for the allegedly unlawful pretrial detention, but, as *Gerstein* itself explained, 'a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.'" *Id*. (quoting *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)). As such, in correction to the undersigned's prior recommendation, this claim is not likely *Heck*-barred and therefore the addition of the proposed defendants would not be futile under *Heck*.

### F. Statute of Limitations and Relation-Back

While I suggest that the addition of the proposed various officers as defendants is not futile under *Heck*, I still suggest that the inclusion of the additional officers would ultimately be futile as it is barred by the relevant three-year statute of limitations.

"The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises." *Boyd v. City of Warren*, No. 16-12741, 2020 WL 1861986, at *2 (E.D. Mich. Apr. 14, 2020) (citing *Wilson v. Garcia*, 417 U.S. 261, 272 (1985)). The Michigan statute

of limitations for personal injury claims is three years. *See* MCL § 600.5805(10). "Under

federal law the statute begins to run when plaintiffs knew or should have known of the

injury which forms the basis of their claims." *Boyd*, 2020 WL 1861986, at *2 (quoting

*Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)).  Here, the statute of limitations began

to accrue on October 4, 2016, the night Plaintiff was arrested, for purposes of his claims

of unlawful search and seizure, and on October 6, 2020, which would have been 48 hours

after Plaintiff's arrest, the timeframe in which he claims he did not receive a probable

cause hearing before a judicial officer. Plaintiff filed his complaint on January 29, 2019,

within the relevant three-year statute of limitations which would have expired on October

4 and October 6, 2019, respectively; his original complaint was timely.

However, Plaintiff now seeks to add several new defendants, as well as a new

claim, to his original complaint. Fed. R. Civ. P. 15(c) provides that an amendment

regarding claims or defenses made after the statute of limitations expires is not time-

barred; however, this only applies to *claims* made after the expiration of the statute of

limitations—not parties. *See Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318

(6th Cir. 2010) ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a

'claim or defense,' but it does not authorize the relation back of an amendment adding a

new *party*.") (emphasis in original). *See also In re Flint Water Cases*, 2019 WL 3530874,

at 12 (E.D. Mich. Aug. 2, 2019) ("As such, a plaintiff looking to add a claim against a

new defendant must do so within the time set out in the appropriate statute of

limitations."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit

precedent clearly holds that new parties may not be added after the statute of limitations

has run, and that such amendments do not satisfy the 'mistaken identity' requirement of

Rule 15(c)[ (1)(C)(ii) ]."). Therefore, I suggest that the proposed inclusion of Officers

Inman, Miller, Korpalski, Murchie, Osborne, Lesinski, be denied as futile based on the

expiration of the statute of limitations.

But Plaintiff's proposed amended claim of unlawful search and seizure may

proceed against the existing Defendant Wynkoop. Fed. R. Civ. P 15(c) provides, in

pertinent part, that an amendment relates back to an original complaint when:

> (B) the amendment asserts a claim or defense that arose out of the conduct,
> transaction, or occurrence set out--or attempted to be set out--in the original
> pleading;

Regarding the relation back of amendments pursuant to Rule 15(c), this Court has

found that

> amendments that merely correct technical deficiencies or expand or modify
> the facts alleged in the earlier pleading meet the Rule 15(c) test and will relate
> back.... [A]mendments that do no more than restate the original claim with
> greater particularity or amplify the details of the transaction alleged in the
> preceding pleading fall within Rule 15(c). But, if the alteration of the original
> statement is so substantial that it cannot be said that defendant [sic] was given
> adequate notice of the conduct, transaction, or occurrence that forms the basis
> of the claim or defense, then the amendment will not relate back and will be
> time barred if the limitations period has expired.

*Barcume v. City of Flint*, 819 F. Supp. 631, 636 (E.D. Mich. 1993) (citation

omitted). Plaintiff's proposed amended claim of unlawful search and seizure rests on the

same facts, or, "conduct, transaction, or occurrence," *id*., as alleged in Plaintiff's original

complaint. Indeed, Plaintiff's proposed new claim against Wynkoop, that he unlawfully

searched his home and seized items within it, is premised on the same facts in Plaintiff's

original complaint, and only "amplif[ies] the detail" in his amendment to support his additional claim. *Id*. To be sure, Plaintiff names Wynkoop as at least one of the officers involved in the search of his home and the seizure of items from those searches in both his original and amended complaint. (ECF No. 1, PageID.2-3; ECF No. 21, PageID.77-82.) Although this additional claim against Defendant Wynkoop comes after his original complaint was filed, "delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985) (internal quotation omitted); *see Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). As such, I suggest that the proposed additional claim against Defendant Wynkoop relates back to the original complaint and should be permitted to move forward.

## III.   Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 21), be **DENIED** in part, as to proposed defendants Lee, Gust, the Michigan State Police Department, Inman, Miller, Korpalski, Murchie, Osborne, Lesinski, and the claims against them, and **GRANTED** in part, as to the claim of unlawful search and seizure against existing Defendant Wynkoop.

## IV.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 3, 2020                     S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge

## <u>CERTIFICATION</u>

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Danny A. Roberson #515189 at Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855.

Date: September 3, 2020                                     By <u>s/ Kristen Castaneda</u>
                                                                           Case Manager