UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY A. ROBERSON,

    Plaintiff,                              Case No. 19-10285

vs.                                            HON. MARK A. GOLDSMITH

DARRELL WYNKOOP,

    Defendant.

_____/

## OPINION & ORDER
### (1) SUSTAINING DEFENDANT'S OBJECTION (Dkt. 37), (2) REJECTING THE MAGISTRATE JUDGE'S RECOMMENDATION (Dkt. 34) AS MOOT, (3) ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S RECOMMENDATION (Dkt. 36), (4) OVERRULING DEFENDANT'S OBJECTION (Dkt. 40), (5) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (Dkt. 39), (6) DENYING PLAINTIFF'S MOTION TO AMEND (Dkt. 21), (7) DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (Dkts. 26, 28), (8) AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 22)

Plaintiff Danny Roberson, a prisoner confined at Marquette Branch Prison, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that his Fourth Amendment rights were violated because he did not receive a probable cause determination by a judicial officer within 48 hours of his warrantless arrest. Compl. (Dkt. 1). This matter was referred to Magistrate Judge Patricia T. Morris for a Report and Recommendation ("R&R").[1] Roberson filed a motion for leave to file an amended complaint (Dkt. 21) to add a new claim against Defendant Darrell Wynkoop for an allegedly unlawful search and to add new claims against new defendants. Magistrate Judge

---

[1] The following citations are used to refer to the Magistrate Judge's three R&R's: "1st R&R" refers to the Magistrate Judge's R&R dated August 13, 2020 (Dkt. 34); "2d R&R" refers to the Magistrate Judge's R&R dated September 3, 2020 (Dkt. 36); "3d R&R" refers to the Magistrate Judge's R&R dated December 15, 2020 (Dkt. 39).

Morris issued an R&R recommending that the motion be denied (Dkt. 34). Magistrate Judge Morris subsequently issued an amended R&R recommending that the motion be granted in part and denied in part (Dkt. 36), to permit Roberson to add the claim against Wynkoop but prohibit Roberson from adding the new defendants. Wynkoop filed an objection to this R&R (Dkt. 37), contending that it would be futile to permit Roberson to add the unlawful search claim against Wynkoop, as this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

The Court sustains Wynkoop's objection (Dkt. 37), because the unlawful search claim Roberson seeks to add against Wynkoop is barred by Heck. As a result, granting Roberson leave to add this claim against Wynkoop would be futile. However, the Court finds no clear error with the Magistrate Judge's recommendation that Roberson should not be granted leave to add new defendants and claims against them. Accordingly, the Court adopts in part and rejects in part the recommendations contained in the Magistrate Judge's amended R&R (Dkt. 36) regarding Roberson's motion to amend. The Magistrate Judge's first R&R (Dkt. 34) is denied as moot.

Separately, Wynkoop filed a motion for summary judgment invoking qualified immunity on Roberson's § 1983 claim against him for failing to secure promptly a probable cause determination (Dkt. 22). Roberson filed two cross-motions for summary judgment (Dkts. 26, 28), arguing that he is entitled to summary judgment on the § 1983 claim brought against Wynkoop and other claims never pleaded in Roberson's complaint. The Magistrate Judge issued an R&R recommending that each of the motions for summary judgment be denied (Dkt. 39). Specifically, the Magistrate Judge recommended that Roberson's motions for summary judgment be denied in regard to claims not before the Court. 3d R&R at 9 (Dkt. 39). With respect to the one § 1983 claim brought against Wynkoop, the Magistrate Judge concluded that there is a genuine dispute of material fact regarding Wynkoop's entitlement to qualified immunity, thus precluding summary

2

judgment for either party. Id. Wynkoop filed an objection to this R&R (Dkt. 40), arguing that he is entitled to qualified immunity because (i) it is not clearly established law that Wynkoop was responsible for Roberson's probable cause determination, and (ii) Wynkoop's actions were objectively reasonable as a matter of law. Def. Objs. to 3d R&R at 2, 7 (Dkt. 40).

The Court overrules Wynkoop's objection (Dkt. 40), because Wynkoop has not shown that there is no genuine issue of material fact as to his entitlement to qualified immunity. Specifically, Wynkoop has not shown that the alleged constitutional violation is not a "clearly established" right, nor that this is an appropriate case to consider whether Wynkoop's actions were objectively reasonable despite his violation of a clearly established right. Accordingly, the Court adopts the recommendations contained in the Magistrate Judge's R&R (Dkt. 39) denying the cross-motions for summary judgment. Roberson's motions for summary judgment (Dkts. 26, 28) and Wynkoop's motion for summary judgment (Dkt. 22) are denied.

## I. BACKGROUND

On the night of October 4, 2016, Wynkoop, a Michigan State Police ("MSP") Trooper, and his partner, Daniel Inman, were dispatched to a domestic violence call to Roberson's house. Compl. at 1. After arriving, Wynkoop questioned Roberson and his girlfriend, Christell Lee, regarding the call. Lee allegedly informed Wynkoop that Roberson was a felon, that he had hidden a firearm when he saw the troopers approaching the house, and that he "had just finished cutting up drugs and packaging them." Id. at 3. Roberson admitted he had a firearm in the house. Id. From where he was speaking with Roberson and Lee, Wynkoop could see a digital scale in plain view. Id. When asked about the scale, Roberson said that he used it for measuring protein and storing sandwiches. Id. Wynkoop, without a warrant, handcuffed Roberson and placed him under arrest. Id. According to Wynkoop, Roberson was booked at Saginaw County Jail at approximately

1:00 a.m. on October 5, 2016.  Wynkoop Aff., Ex. 1 to Def. Mot. for Summary Judgment, at 5 (Dkt. 22-2).

Upon returning to his post, Wynkoop wrote an incident report as well as a request for a search warrant and an arrest warrant.  He completed this paperwork around 5:00 a.m. on October 6, 2016, approximately 24 hours after Roberson was booked.  Id. at 5-6.  Once the requests were approved by Wynkoop's supervisor, they were placed into a "court-run basket" and turned over to the court officer for delivery to the prosecutor.  Id. at 6.  According to Wynkoop, "[o]nce the report and warrant packet is placed in the in-custody bin, it is out of [his] hands and in the hands of the court officer to take the warrant packet and report to the Saginaw County Prosecutor's Office for review."  Id. at 6.  The warrants were signed by an assistant prosecutor sometime on October 6, 2016, within 48 hours after the warrantless arrest had taken place.  Id.  A judicial officer held a probable cause determination and signed the arrest warrant on the morning of October 7, 2016, just a few hours after the 48-hour period had passed.  Id. at 7.  Roberson eventually pleaded guilty to weapons and drug charges and was sentenced to the custody of the Michigan Department of Corrections.  Judgment of Sentence, Ex. 9 to Def. Mot. for Summary Judgment (Dkt. 22-10).

Roberson subsequently brought this § 1983 suit against Wynkoop alleging that, pursuant to Michigan Compiled Laws § 764.13, Wynkoop, as the arresting officer, was required to bring Roberson before a judicial officer for a determination of whether probable cause existed for the warrantless arrest, within 48 hours of the warrantless arrest.  Because the probable cause determination was held several hours after the 48-hour window had ended, Roberson alleges, Wynkoop violated Roberson's Fourth Amendment rights.

Roberson now seeks to amend his complaint to add new § 1983 claims and new defendants who Roberson allegedly did not "realize were involved in the matter" at the time he filed his

4

complaint. First, Roberson wishes to add Christell Lee, who was Roberson's girlfriend at the time of his arrest. Pl. Mot. to Amend at 9 (Dkt. 21). According to Roberson, in addition to making statements about him, Lee showed Wynkoop where Roberson hid his gun in the couch and showed Wynkoop plastic bags in the kitchen. Id. at 11-12. Roberson seeks to bring a claim against Lee for violating his Fourth and Fourteenth Amendment rights by "initiating the false and fraudulent felony complaint against the plaintiff." Id. at 22.

Next, Roberson wishes to name add several MSP troopers: Daniel Inman, Patrick Miller, Clint Korpalski, David Murchie, R. Osborne. Id. at 8. Roberson alleges that Inman accompanied Wynkoop to Roberson's home on October 4, 2016, and that the other officers arrived at some point later. Id. at 10, 13. When the officers received a search warrant for Roberson's house, they found several rifles and ammunition, as well as crack cocaine. Id. at 14. Roberson seeks to bring a claim against the officers, including Wynkoop, on the basis that the officers' searches of his person and home were conducted without warrants or probable cause and, therefore, violated his rights under the Fourth and Fourteenth Amendments. Id. at 23. According to Roberson, as a result of the allegedly illegal searches and seizures, "the plaintiff was illegally sentenced to serve an invalid sentence[.]" Id. at 21. Roberson also wishes to name as defendants the Michigan State Police Department ("MSPD") and Sergeant P. Lesinkski of the MSPD, the officers' supervisor. Id. at 7-8. Roberson appears to seek to bring a claim against Lesinkski for failure to prevent the allegedly unlawful searches and seizures conducted by the officers. Id. at 24.

Finally, Roberson seeks to add as a defendant his criminal defense attorney, James Gust, alleging that Gust failed to properly investigate Roberson's case, falsely informed Roberson that he would not go to jail, failed to file a motion to quash evidence on the basis of the officers' alleged Fourth Amendment violations, and compelled Roberson to take a guilty plea, id. at 17-20, all in

5

violation of Roberson's Sixth Amendment right to "competent professional representation" and Eighth Amendment right to be free from cruel and unusual punishment, id. at 23.

## II. STANDARD OF DECISION

### A. R&R

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note. Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to Magistrate Judge's report and recommendation are deemed waived.")).

### B. Motion to Amend

Federal Rule of Civil Procedure 15 permits a plaintiff to amend his complaint once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that point, a plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. Id. However, a court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile."

6

Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

### C. Motion for Summary Judgment

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." Horton v. Potter, 369 F.3d 906, 909 (6th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

### III. DISCUSSION

### A. Motion to Amend

Neither party filed objections to the Magistrate Judge's recommendation that Roberson be denied leave to amend his complaint to add Lee, Gust, MSPD, and Wynkoop's co-officers and sergeant as defendants. The Court finds no clear error that would warrant rejecting this recommendation. To the contrary, the Magistrate Judge correctly concludes that adding the proposed claims against these proposed defendants would be futile, thereby making it appropriate

to deny leave to amend. See Crawford, 53 F.3d at 753. Neither Lee nor Gust qualifies as a state actor for § 1983 purposes. See Tahfs v. Proctor, 316 F.3d 584, 591 (6th Cir. 2003) (setting forth factors to determine if a private individual is a state actor); Johnson v. Levi, No. 20-10885, 2020 WL 2494894, at * 2 (E.D. Mich. May 14, 2020) ("It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel . . . are not state actors subject to suit under § 1983."). Therefore, the proposed addition of Lee and Gust as defendants and the proposed § 1983 claims against them must be denied for futility. See Crawford, 53 F.3d at 753. Adding MSPD as a defendant would violate the guarantee of sovereign immunity under the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984). The proposed addition of MSPD and the proposed claim against it thus must be denied for futility. See Crawford, 53 F.3d at 753. Finally, the addition of Sergeant Lesinkski and Officers Inman, Miller, Korpalski, Murchie, and Osborne would be futile because the claims against them are barred by the applicable statute of limitations. See Mich. Comp. Laws § 600.5805(10) (establishing applicable statute of limitations period as three years); see also Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(B) . . . does not authorize the relation back of an amendment adding a new party.").

Wynkoop objects to the Magistrate Judge's conclusion that the proposed search-and-seizure claim Roberson seeks to bring against Wynkoop would not be futile. Def. Obj. to 2d R&R at 2 (Dkt. 37). Upon reviewing this conclusion de novo, the Court finds that Wynkoop's objection should be sustained. The Magistrate Judge correctly identified that Heck bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. 512 U.S. at 487. This includes § 1983 claims that challenge something other than the conviction or sentence, where a ruling in the petitioner's favor would "necessarily imply the

invalidity of his conviction or sentence[.]" Powers v. Hamilton County Public Defender Com'n, 501 F.3d 592, 600 (6th Cir. 2007) (citing Heck, 512 U.S. at 487) (internal quotation marks omitted). However, the Magistrate Judge then went on to conclude that the Sixth Circuit's holding in Cox v. City of Jackson, Tennessee, 811 F. App'x 284, 291 (6th Cir. 2020), that "§ 1983 claims seeking damages for their post-arrest detention without a proper determination of probable cause are not barred under Heck," renders Heck inapplicable to the proposed search-and-seizure claim that Roberson now seeks to bring against Wynkoop. This quoted portion of Cox, however, is limited to claims regarding post-arrest detention without a proper probable cause determination (i.e., the one claim Roberson has already plead against Wynkoop); it does not extend to claims regarding illegal searches and seizures (i.e., the claim Roberson now seeks to add against Wynkoop). Accordingly, the Court now considers whether Wynkoop is correct that Heck bars the search-and-seizure claim Roberson seeks to add against Wynkoop.

Where the challenged "search [or seizure] yielded the [evidence] which became the subject of a criminal charge of which [Plaintiff] was convicted," a finding that the search or seizure was unreasonable would "necessarily imply the invalidity of the conviction" and would, therefore, be barred under Heck. Fox v. Michigan State Police Dep't., 173 F. App'x 372, 377-378 (6th Cir. 2006). Moreover, as is relevant here, to recover compensatory damages based on allegedly unreasonable searches or seizures, a § 1983 plaintiff whose conviction has not been overturned must prove not only that the search or seizure was unlawful, but that it caused him actual, compensable injury, distinct from the injury of being convicted and imprisoned. Heck, 512 U.S. at 487, n.7; see also Poindexter v. Overton, 110 F. App'x 646, 647 (6th Cir. 2004) (holding that a prisoner's civil rights claim alleging that his convictions were obtained pursuant to an illegal

9

search and seizure was not cognizable and, therefore, subject to dismissal, because the defendant failed to successfully challenge the validity of his underlying convictions).

In this case, Roberson seeks to add the search-and-seizure claim to challenge his confinement, as he alleges that as a result of the searches and seizures, "the plaintiff was illegally sentenced to serve an invalid sentence" and "the Judgment of Sentence Commitment to the Department of Corrections carries no legal weight whatsoever, and this court has a duty to dismiss the charges against the plaintiff." Def. Mot. to Amend at 21. Because he makes no allegation of injury apart from that, and because Roberson's conviction has not been overturned, his proposed search-and-seizure claim is not cognizable; granting Roberson leave to add this claim against Wynkoop would be futile.

Accordingly, the Court sustains Wynkoop's objection, rejects this portion of the Magistrate Judge's R&R, and denies Roberson leave to amend his complaint to add the search-and-seizure claim against Wynkoop.

### B. Motions for Summary Judgment

Neither party objected to the portion of the Magistrate Judge's R&R recommending that Roberson's motion for summary judgment be denied insofar as it seeks summary judgment on search-and-seizure claims not included in the current complaint. The Court finds no clear error with this recommendation and, therefore, adopts this portion of the R&R.

Wynkoop objects to the Magistrate Judge's conclusion that Wynkoop is not entitled to qualified immunity at this stage. This conclusion rested on the theory that a genuine issue of material fact exists as to whether extraordinary circumstances existed to excuse Wynkoop's failure to secure a probable cause determination within 48 hours of Roberson's warrantless arrest. 3d R&R at 9. Accordingly, the Court reviews this portion of the R&R de novo.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under the color of state law." Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006). Qualified immunity protects government officials who perform discretionary functions from § 1983 liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982). The availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (citations omitted).

In assessing whether Wynkoop is entitled to qualified immunity, the Magistrate Judge employed the two-part test articulated in Saucier v. Katz, 533 U.S. 194 (2001): first, "[t]aken in the light most favorable to the party asserting the injury, do the facts show the officer's conduct violated a constitutional right?"; and second, "the next . . . step is to ask whether the right was clearly established." Id. at 202. In employing this test, the Magistrate Judge determined that the Fourth Amendment right to a prompt judicial determination of probable cause is clearly established. See generally Gerstein v. Pugh, 420 U.S. 103 (1975). The "promptness" requirement is generally met if the judicial determination of probable cause is held within 48 hours of a warrantless arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). If an arrested individual does not receive a hearing within that timeframe, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." Id. at 57. The Magistrate Judge concluded that there was a genuine dispute of material fact as to whether extraordinary circumstances existed to justify the delay. 3d R&R at 9. In reaching this conclusion, the Magistrate Judge rejected Wynkoop's argument that his compliance with the

11

routine procedures following a warrantless arrest could excuse the delay, explaining that "[c]ourts look to state law to determine who is responsible for securing a warrantless arrestee's probable cause determination," id. at 7 (citing Drogosch v. Metcalf, 557 F.3d 372, 378-379 (6th Cir. 2009), and that Michigan Compiled Laws § 764.13 places the onus on the arresting officer to promptly bring the arrestee before a judge for a determination of probable cause, id.

Wynkoop does not dispute that the Fourth Amendment requires a prompt judicial determination of probable cause; that the determination must be made within 48 hours of a warrantless arrest to comply with the "promptness" requirement; that Michigan Compiled Laws § 764.13 ostensibly places the onus on the arresting officer to ensure the probable cause hearing is held within the requisite 48 hours; and that in this case the determination was made several hours after the 48-hour mark. Rather, Wynkoop objects to the Magistrate Judge's R&R on the following two grounds. First, Wynkoop argues that it is not clearly established law that Wynkoop was responsible for Roberson's late probable cause determination. Def. Objs. at 3d R&R at 2. Second, Wynkoop argues that the Magistrate Judge failed to consider whether, despite any violation of a clearly established right, Wynkoop's actions were objectively reasonable as a matter of law. Id. at 7. The Court addresses each objection in turn and finds that both must be overruled.

1. **Wynkoop's First Objection**

In his first objection, Wynkoop argues that "[t]he Magistrate Judge erred when she concluded that because Wynkoop was responsible under MCL 764.13 for bringing an arrestee before a magistrate that he was necessarily liable for a 4th Amendment violation." Id. To support his argument, Wynkoop relies on two cases, Rayfield v. City of Grand Rapids, 768 F. App'x 495 (2019), and Cherrington v. Skeeter, 344 F.3d 631 (6th Cir. 2003). Neither supports Wynkoop's entitlement to summary judgment.

12

Rayfield involved a plaintiff who was arrested without a warrant and detained for over 48 hours without a judicial determination of probable cause because he was transferred between jails operated by different police departments while awaiting his hearing. 768 F. App'x at 499-500. The officers who transferred custody of the plaintiff to the second facility failed to alert the officials at the second facility of the length of time that the plaintiff had already been detained (which arguably would have ensured that the plaintiff was not detained for an excessive amount of time). Id. at 508-509. The Sixth Circuit explained that, pursuant to County of Riverside, the Fourth Amendment right to a probable cause determination within 48 hours of a warrantless arrest is clearly established. See id. at 509. However, the court reasoned that the plaintiff's case presented a "factually and legally distinct situation" because "two municipalities, both of which have authority to process a detainee, jointly manage[d] the custody of a pre-hearing detainee." Id. As a result, the officers who transferred custody of the plaintiff were entitled to qualified immunity because "it was not clearly established that Defendants' failure to communicate regarding [the plaintiff's] detention would necessarily violate [the plaintiff's] constitutional rights." Id. at 510.

The instant case does not present a "factually and legally distinct situation" like Rayfield. Rayfield involved two municipalities jointly managing custody of the plaintiff, which is an extraordinary situation. By contrast, the instant case presents a run-of-the-mill situation in which Roberson was booked at one facility, Saginaw County Jail, and remained there until his hearing was held. Wynkoop's argument that MSP "does not have any jails" and must "turn their arrestees over to the custody of other law enforcement agencies"—in this case the Saginaw County Sheriff's Department, Def. Objs. at 7—does not change this result. The concern raised by the joint management of the Rayfield plaintiff's custody was that the first facility failed to inform the second as to the length of time the plaintiff had already been detained. No such concern is present in this

13

case because, at the time Wynkoop booked Roberson at Saginaw County Jail, Roberson had not been detained at any prior facility. Further, Wynkoop points to no evidence indicating that the delay in Roberson's hearing was caused by the Saginaw County Jail officials' control over Roberson. Accordingly, Rayfield is inapposite and does not demonstrate Wynkoop's entitlement to qualified immunity.

Wynkoop fares no better in his reliance on Cherrington to make his argument. In Cherrington, the plaintiff was arrested without a warrant by two officers and then held for 72 hours before receiving a judicial hearing to determine probable cause for her arrest. 344 F.3d at 643. The Sixth Circuit affirmed the lower court's holding that officers were not entitled to qualified immunity because the plaintiff had a "clearly established" Fourth Amendment right to a prompt judicial determination of probable cause, which was violated when her determination was made a day after the 48-hour mark. Id. at 644. Nevertheless, in dicta, the Sixth Circuit cautioned that "the liability of the individual Defendants is not a foregone conclusion upon remand" because the lower court would still need to "resolve the issue of causation—namely, whether the delay in [the plaintiff's] probable cause determination was attributable to the actions (or inaction) of one or both of the named Defendants." Id. at 644-645. The Sixth Circuit offered "a few general observations that the District Court might wish to consider," including the fact that the record was "almost entirely silent" as to the roles played by each arresting officers in causing the delay and, therefore, it was possible "that one or both of these [arresting officers] took some steps to ensure that there was a prompt judicial determination of probable cause, but that, through no fault of their own, this did not occur. Id.

It appears Wynkoop relies on Cherrington to make an entirely new argument not found in his motion papers: that he is entitled to summary judgment because Roberson has failed to show

14

that Wynkoop personally caused the deprivation of Roberson's Fourth Amendment right to a prompt judicial determination of probable cause. Wynkoop's attempt to raise this causation issue for the first time in an objection to a report and recommendation is inappropriate. See Murr, 200 F.3d at 902 n.1; United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (observing that issues raised for first time in objection to a report and recommendation are "deemed waived").

Even assuming that Wynkoop has not waived this issue, Cherrington provides little support for awarding Wynkoop summary judgment. After all, Cherrington affirmed a denial of immunity. And what it said is hardly a per se rule: not every officer who turns over an arrestee for processing in the criminal justice system escapes liability just because other actors have roles to play in propelling the arrestee towards a probable cause determination. The court observed that facts might be developed on remand that might lead to a finding of non-liability for the defendants; specifically, the causation analysis might reveal to what extent either or both of the two arresting officers bore responsibility for the delay in securing a prompt probable cause determination. Our far simpler facts, involving one arresting officer, hardly present a more appealing case for a finding, as a matter of law, of no legal responsibility for the delay.

Accordingly, the Court overrules Wynkoop's first objection.

### 2. Wynkoop's Second Objection

In his second objection, Wynkoop argues that, even though the Magistrate Judge "correctly cited to the two-step process for determining whether an official may claim qualified immunity set forth in Saucier v. Katz, 533 U.S. 194, 202 (2001)," the Magistrate Judge's qualified immunity analysis "did not go far enough and failed to address the objective reasonableness of Wynkoop's actions." 2d Objs. at 7-10. Wynkoop cites Estate of Carter v. City of Detroit, 408 F.3d 305 (6th Cir. 2005), for the proposition that the Magistrate Judge should have considered a third step to the

15

qualified immunity analysis that is "occasionally employ[ed]": "whether the plaintiff offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." Id. at 311 n.2 (citation omitted).[2]

In Estate of Carter, the Sixth Circuit explained that the third step is appropriately used in "some cases" to "increase the clarity of the proper analysis" set forth in Saucier. Id. The third step is not appropriately used in factual contexts in which "the fact that a right is 'clearly established' sufficiently implies that its violation is objectively unreasonable." Id. (citation omitted). That is the case here. Under County of Riverside, a violation of the 48-hour rule is a violation of a clearly established Fourth Amendment right. This is so because a probable cause hearing held more than 48 hours after a warrantless arrest is presumptively unreasonable, unless the Government carries its burden to demonstrate the existence of a bona fide emergency or other extraordinary circumstance justifying the delay. County of Riverside, 500 U.S. at 57. In our case, Roberson did all that he needed to do to establish the objective unreasonableness of Wynkoop's action. As a result, application of the third factor in this case is inappropriate.[3]

---

[2] Wynkoop argues he raised the issue of whether the three-step qualified immunity analysis should be used in his motion for summary judgment because in that motion, he "argued at length that, notwithstanding the 'technical violation' of Roberson's constitutional rights, his actions were objectively reasonable under the Fourth Amendment given the particular circumstances of this case." 2d Objs. at 8. Curiously, however, Wynkoop's summary judgment motion is devoid of any mention of Estate of Carter or the three-step analysis. In fact, Wynkoop's motion provides: "Qualified immunity analysis consists of two distinct inquiries." Id. at 13 (citing Saucier, 533 U.S. 194). In any event, even assuming that Wynkoop has not waived this argument, the argument does not establish Wynkoop's entitlement to summary judgment, as discussed below.

[3] The Court is aware of only one case involving a violation of the clearly established Fourth Amendment right to a judicial determination of probable cause within 48 hours of a warrantless arrest in which the Sixth Circuit applied the third factor, Drogosch v. Metcalf, 557 F.3d 372 (6th Cir. 2009). The Drogosch court provided no express reason as to why it applied the third factor, other than noting that the third factor is a consideration "occasionally examined by this court to 'increase the clarity' of the [qualified immunity] analysis." Id. at 378 (quoting Estate of Carter, 408 F.3d at 311 n.2). It appears that the Drogosch court applied the third factor only to underscore

Accordingly, the Court overrules Wynkoop's second objection.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts in part and rejects in part the Magistrate Judge's amended R&R (Dkt. 36) regarding Roberson's motion to amend. The Magistrate Judge's first R&R (Dkt. 34) is denied as moot. The Court adopts the Magistrate Judge's R&R (Dkt. 39) regarding the motions for summary judgment. Roberson's motions for summary judgment (Dkts. 26, 28) and Wynkoop's motion for summary judgment (Dkt. 22) are denied.

SO ORDERED.

Dated: February 10, 2021
       Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2021.

s/Karri Sandusky
Case Manager

---

the acute unreasonableness of the actions of the arresting officer, who intentionally filled out the wrong detainer form to guarantee that the arrestee would not receive a prompt hearing. In any event, the Drogosch court did not hold that the third factor must always be applied in cases involving a violation of the clearly established Fourth Amendment right to a prompt judicial determination of probable cause. As a result, Drogosch does not compel application of the third factor in this case.